**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES of AMERICA            :

   -against-                       :     1:99 Cr. 0073 (JFK)
                                                             **Memorandum Opinion**
SILVIO HERNANDEZ,                   :          **& Order**

       Defendant.                    :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

      Defendant Silvio Hernandez moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") § 1B1.10, in light of the retroactive amendments to the Guidelines that generally reduce the base offense levels for cocaine base ("crack") offenses. For the reasons stated below, Hernandez is not eligible for a sentence reduction under the amended Guidelines, and his motion is therefore denied.

## Background

      On March 11, 2002, Hernandez pleaded guilty to one count of conspiring to distribute crack, cocaine and heroin, in violation of 21 U.S.C. §§ 812, 841 (a)(1), 841(b)(1)(A) and 846. In his plea allocution, defendant admitted that he had conspired to distribute between one and three kilograms of heroin, but denied having any involvement with the distribution of cocaine or crack. Hernandez subsequently made a motion to withdraw his guilty plea, which was denied.

Prior to sentencing, the Court held a Fatico hearing "to determine how much heroin is attributable to Mr. Hernandez in connection with his involvement in the conspiracy to which he pleaded guilty." United States v. Hernandez, No. S4 99 Cr. 73 (JFK), 2004 WL 951040, at *1 (S.D.N.Y. May 3, 2004). The Court found "overwhelming" evidence that the defendant conspired "to distribute more than a kilogram of heroin, but under three kilograms." Id. at *4.

The defendant was sentenced on June 3, 2004. The Court determined that his base offense level was 32 because he was responsible for between one and three kilograms of heroin. (Sent. Tr. at 11). In light of defendant's attempt to withdraw his guilty plea and his demand for a Fatico hearing, the Court held that he failed to acknowledge responsibility and was not entitled to a reduction of his base offense level. However, the Court denied the two-level enhancement sought by the government for obstruction of justice. The total offense level of 32 combined with defendant's criminal history category of II yielded an applicable Guidelines range of 135 to 168 months. Hernandez was sentenced to 135 months' imprisonment, to be followed by five years of supervised release.

Hernandez appealed his sentence, and the Court of Appeals remanded the case in light of United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103

(2d Cir. 2005). On remand, this Court found that neither Booker nor Crosby mandated re-sentencing. The defendant appealed from his judgment of conviction, and the Second Circuit affirmed it.

On July 8, 2008, Hernandez filed the instant motion for re-sentencing.

## Discussion

The retroactive crack amendment reduces by two points the base offense levels corresponding to the crack quantity ranges in § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. App. C, Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c) (Mar. 2008). A sentence reduction is authorized only if retroactive application of the amendment would result in a lower applicable Guideline range. See U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c)(2).

Hernandez is not eligible for a sentence reduction under the amendment because his sentence was determined by the amount of heroin he conspired to distribute; he was not sentenced for a crack offense. Although the indictment charged him with conspiring to possess with intent to distribute cocaine, crack and heroin, the Court calculated his sentence based upon his responsibility for heroin alone. The amount of heroin had been acknowledged by defendant at his plea and confirmed through the Fatico hearing. Because Hernandez was not sentenced for a crack offense, his applicable Guideline range is

unaffected by the retroactive crack amendment, and a sentence reduction is unauthorized. Accordingly, Hernandez is not eligible for relief under § 3582(c)(2), and his motion is therefore denied.

IT IS SO ORDERED.

Dated:     New York, New York
           October 10, 2008

*John F. Keenan*
JOHN F. KEENAN
United States District Judge